UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KANDEY COMPANY, INC.,

                              Plaintiff,

                                                          **Hon. Hugh B. Scott**

                    v.                                    11CV478A

                                                          **Order**

LEO BARBERA,
BARBERA UTILITY CONTRACTING, INC., d/b/a
HORIZONTAL HOLES AND HORIZONTAL EQUIPMENT
MANUFACTURING, INC.,

                              Defendants.

        Before the Court is plaintiff's motion to compel (Docket No. 19[1]).  Defendants respond

that they were in the process of assembling the documents sought by plaintiff (Docket No. 21,

Defs. Atty. Aff. ¶¶ 2, 3).  Responses to this motion were due by January 25, 2012, with any reply

due by February 1, 2012 (Docket No. 20), and the motion was submitted (without oral argument)

on February 1, 2012 (id.).

                                    BACKGROUND

        This is a removed diversity contract action.  Plaintiff now moves to compel defendants to

make their initial disclosure and produce documents and things in response to its discovery

---

[1]In support of its motion, plaintiff submits its attorney's Declaration, with exhibits,
Memorandum of Law, Docket No. 19; and its attorney's Reply Declaration, Docket No. 22; and a
second attorney's reply Declaration on the motion expenses (in particular) attorneys' fees
incurred.  In opposition, defendants submit their attorney's Affidavit, Docket No. 21.

demands.  Plaintiff argues that defendants waived any objections to the discovery demands by

failing to respond within the 30 days for responding to them (Docket No. 19, Pl. Memo. at 2-3).

Defendants responded that they are assembling responsive documents and would serve

initial disclosures by January 27, 2012 (Docket No. 21, Defs. Atty. Aff. ¶¶ 2-3).  Plaintiff's reply

focuses upon recovery of reasonable motion expenses under Federal Rule of Civil

Procedure 37(a)(5) as well as production (Docket No. 22, Pl. Atty. Reply Decl. ¶¶ 3, 8, 10).

DISCUSSION

I.      Standard

Discovery under the Federal Rules is intended to reveal relevant documents and

testimony, but this process is supposed to occur with a minimum of judicial intervention.  See

8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure

§ 2288, at 655-65 (Civil 2d ed. 1994).  "Parties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense–including the existence,

description, nature, custody, condition, and location of any documents or other tangible things

and the identity and location of persons having knowledge of any discoverable matter."  Fed. R.

Civ. P. 26(b)(1) (effective Dec. 1, 2007).  Initial disclosure includes producing "a copy of, or a

description by category and location of, all documents . . . that are in the possession, custody, or

control of the party and that the disclosing party may use to support its claims . . . ."  Fed. R. Civ.

P. 26(a)(1)(B).

Federal Rule 26(b)(2)(i) allows this Court to limit the scope and means for discovery if

"the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some

other source that is more convenient, less burdensome, or less expensive."

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention.  Fed. R. Civ. P. 37(a)(2)(A).

If a motion to compel is granted, or if the opponent produces discovery after the motion is filed, the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," but the Court must not order payment if movant files before attempting in good faith to resolve the matter, the opponent's nondisclosure, response, or objection was substantially justified, or "other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(a)(5)(A).

II.     Application

   A.     Production

Plaintiff sought production of initial disclosure and response to its discovery demands. Defendants essentially concede that this production is due and, at the time of their response, was gathering the materials for production (see Docket No. 21).  Defendants have not argued that the discovery and disclosure sought was unreasonable, privileged or otherwise burdensome.  If defendants have not produced to date, they are **ordered to produce initial disclosures and respond to plaintiff's discovery demands**.

   B.     Reasonable Motion Expenses

The remaining issue is whether defendants' refusal warrants imposition of discovery sanctions under Rule 37(a)(5).  As argued by plaintiff (Docket No. 22, Pl. Atty. Reply Decl. ¶¶ 4-

5, 6-8), plaintiff submitted a good faith letter in an attempt to resolve this discovery matter short

of motion practice to no avail, that defendants have not attempted to show that their non-response

was substantially justified or that other circumstances would make an award of recovery of

reasonable motion expenses unjust.   Therefore, giving defendants an opportunity to be heard on

the question of sanctions, since plaintiff prevails on its motion to compel (minimally because

defendants state that they are attempting to respond to the discovery demands in the face of the

motion), pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) plaintiff shall submit an

application to recover its reasonable motion expenses **within five (5) days of entry of this**

**Order**.  Included with plaintiff's moving papers is its statement of its attorneys' fees relative to

this motion (Docket No. 23).   Defendants may respond to this application **within fifteen (15)**

**days of entry of this Order**, including stating objections to imposition of sanctions under that

rule, and the application then will be deemed submitted (without oral argument).

CONCLUSION

         For the reasons stated above, plaintiff's motion to compel (Docket No. 19) is **granted**.

Noting that plaintiff has submitted its attorneys' fees relative to this motion (Docket No. 23),

plaintiff shall submit whatever additional information it may have regarding its reasonable

motion expenses within **five (5) days** of entry of this Order; defendants may respond to this

application within **fifteen (15) days** of entry of this Order and the application then will be

deemed submitted (without oral argument).

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        March 5, 2012

5