UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KANDEY COMPANY, INC.,

                Plaintiff,

                                                **Hon. Hugh B. Scott**

                v.                                         11CV478A

                                                        **Order**

LEO BARBERA,
BARBERA UTILITY CONTRACTING, INC., d/b/a
HORIZONTAL HOLES AND HORIZONTAL EQUIPMENT
MANUFACTURING, INC.,

                Defendants.

Plaintiff filed its motion to compel (Docket No. 19[1]). Now before the Court is plaintiff's fee application for recovery of its reasonable motion costs (Docket Nos. 25, 23). Responses to this application were due by March 20, 2012 (Docket No. 24, Order of Mar. 5, 2012, at 4, 5), but defendants did not respond. The application was submitted (without oral argument) on March 20, 2012. Familiarity with the Order compelling discovery (Docket No. 24) is presumed.

BACKGROUND

This is a removed diversity contract action. Plaintiff moved to compel defendants to make their initial disclosure and produce documents and things in response to its discovery demands (Docket No. 19, Pl. Memo. at 2-3). That motion was granted (Docket No. 24).

---

[1] In support of its motion, plaintiff submits its attorney's Declaration, with exhibits, Memorandum of Law, Docket No. 19; and its attorney's Reply Declaration, Docket No. 22; and a second attorney's reply Declaration on the motion expenses (in particular) attorneys' fees incurred. In opposition, defendants submit their attorney's Affidavit, Docket No. 21.

In its moving papers, plaintiff presented a statement of the expenses related to making this motion, totaling $2,356.02, mostly for the work of three attorneys, at rates of $240 per hour (for associate Andrew Miller), $285 per hour (for senior partner Joseph Manna), and $125 per hour (for associate Kenneth Webster), as well as disbursements of copying expenses (of $94.20) and for electronic research (of $157.32) (Docket No. 23, Pl. Atty. Decl. ¶ 2, Ex. A). This Court calculated the time invoiced by each attorney, which totaled 15.2 hours[2]. Following issuance of the Order, plaintiff filed another attorney's declaration stating that defendants had not served Rule 26(a) initial disclosure when promised by counsel and that defendants had not responded to document requests (Docket No. 25, Pl. Atty. Decl. ¶¶ 4, 5, 6), concluding that plaintiff is entitled to recover its motion costs (id. ¶ 7).

DISCUSSION

I.   Standard

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A).

Under Rule 37(a)(5)(A), this Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the

---

[2] Manna claims .1 of an hour, Miller 2.2 hours, and Webster 12.9 hours.

conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The imposition of this sanction may not occur if movant filed the motion before attempting in good faith to resolve this without Court intervention, but this Court found that plaintiff attempted in good faith to so resolve this matter (see Docket No. 24, Order at 4); if the non-disclosure was substantially justified; or other circumstances made an award of expenses unjust.

Imposition of Rule 37(a)(5) sanctions for failure to comply with discovery demands must be weighed in light of the full record. Johanson v. County of Erie, No. 11CV228, 2012 U.S. Dist. LEXIS 6772, at *3 (W.D.N.Y. Jan. 20, 2012) (Scott, Mag. J.); see Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979). The key here is that the movant is entitled only to reasonable costs and attorneys' fees, if entitled to recover anything at all. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills his or her client (especially where, as here, the client may never be billed due to the fee arrangement counsel has with the client) related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses. See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar (or the "presumptively reasonable fee," see <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 493 F.3d 110, 111(2d Cir. 2007)) method for calculating the reasonable attorney's fee, <u>Johnson v. the Bon-Ton Stores</u>, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.); see <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988), the components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney. The last component for determining the reasonable motion expenses are the other motion expenses incurred. In calculating the "presumptively reasonable fee," this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" <u>Arbor Hill</u>, <u>supra</u>, 493 F.3d at 111. The movant seeking reimbursement bears the burden of proving the hours spent and the prevailing rates. 7 <u>Moore's Federal Practice–Civil</u> § 37.23[8] (2005); see <u>Johnson</u>, <u>supra</u>, 2006 U.S. Dist. LEXIS 20019, at *11.

II.     Application

    A.     Reasonable Motion Expenses

By not responding, defendants waive any argument they may have had that imposition of sanctions here is unjust or that their failure to disclose was substantially justified.

Absent objection, it is difficult for this Court to assess whether the time expended, the level of legal expertise exercised, and the rates charged are reasonable. Defendants provided a minimal response to the underlying motion (<u>cf.</u> Docket No. 21) yet plaintiff submitted a reply (Docket No. 22) which is not included in the charges sought to be recovered as the reasonable motion expenses. Plaintiff does not state the level of expertise of the three attorneys who worked

on this motion to justify the rates charged.  From examining the website of plaintiff's law firm, www.lipsitzgreen.com/attorneys.html, this Court learned that the three attorneys graduated from law schools between 1995 and 2011.

In Johanson, this Court recently accepted as reasonable (also absent opposition from the opposing party) a rate of $250 per hour for attorney's time in preparing a motion to compel, Johanson, supra, 2012 U.S. Dist. LEXIS 6772, at *6.  Thus, the rates stated in this case by plaintiff's attorneys reasonably reflect the rates charged in this community by attorneys of similar level of experience.

The next question is whether the total of over fifteen hours expended in making this motion is reasonable.  Plaintiff filed a relatively straight forward, almost unopposed motion.  The bulk of the time claimed (an probably the electronic research conducted) was by a first-year associate.  It is not reasonable to count all the time expended by that attorney in researching and preparing the motion; this Court deems **8.6 hours** of his time to be reasonable.  At his rate of $125 per hour, his reasonable charge is $1,075, with the remaining counsel's time being deemed reasonable (Miller at $528, and Manna at $28.50), the total attorneys' fee portion of this award is $1,631.50.

Next, plaintiff claims in its disbursements almost $95 for in-house duplication (see Docket No. 23, Ex. A), but fails to state what was copied, the rate charge per page or how many pages were duplicated.  Given that courtesy copies of the moving papers were not provided to Chambers, as called for in this Court's Chambers Guidelines, it is not known where the copied pages were used.  It is **not reasonable** to pass this expense to defendants as a discovery sanction; thus, the claim of $94.20 in duplicating costs **will not be borne by defendants**.

As for the electronic research, plaintiff claims $157.32.  Without knowing the extent of research and the rates charged by the electronic sources, this Court nevertheless **finds reasonable** the amount claimed by plaintiff.

Therefore, the total reasonable motion expenses that will be awarded to plaintiff here is **$1,788.82**.

B.	Party Liable for Sanction

Rule 37(a)(5)(A) makes either the party, its counsel, or both responsible for discovery sanctions.  Plaintiff does not note whether defendants or their counsel were more liable for this discovery dispute.  In the absence of any indication whether defendants or their attorneys are responsible, **both will be held responsible for this sanction**.

## CONCLUSION

For the reasons stated above, plaintiff's application (Docket Nos. 23, 25) to recover its reasonable motion expenses for its motion to compel (Docket No. 19) is **granted in part**; this Court finds that the reasonable motion expense here is **$1,778.82**.  Plaintiff is awarded from **defendants and their counsel jointly $1,788.82** for its reasonable costs and expenses in making its motion to compel.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
April 12, 2012