UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KANDEY COMPANY, INC.,

                Plaintiff,

                                                  **Hon. Hugh B. Scott**

        v.

                                                  11CV478A

                                                  **Report**
                                                     **&**
LEO A. BARBERA,                                    **Recommendation**
BARBERA UTILITY CONTRACTING,
INC., d/b/a HORIZONTAL HOLES AND
HORIZONTAL EQUIPMENT
MANUFACTURING, INC.,

                Defendants.

      This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 5). The instant matter before the Court is plaintiff's motion for preclusion and other sanctions for defendants' failure to produce discovery (Docket No. 27[1]). After defendants moved for an extension of time to respond (Docket No. 29) opposed by plaintiff (id., Defs. Atty. Decl. ¶ 6), responses to this motion were due by June 20, 2012, with any reply due by June 27, 2012, and this motion was deemed submitted as of June 27, 2012 (Docket No. 30; cf. Docket No. 28). Familiarity with the Orders granting plaintiff's original motion to compel (Docket No. 24) and awarding plaintiff recovery of its reasonable motion costs (Docket No. 26) is presumed.

---

[1]In support of its motion, plaintiff submits its attorney's declaration with exhibits, and Memorandum of Law, Docket No. 27; its attorney's reply declaration, Docket No. 32. In opposition, defendants submit their attorney's affidavit, Docket No. 31.

Since plaintiff seeks preclusion of evidence or striking of the Answer or entry of default judgment against defendants, this Court has rendered a Report & Recommendation for disposition of this motion, see 28 U.S.C. § 636(b)(1)(A) (determination of motion to involuntary dismissal of an action by Report & Recommendation).

## BACKGROUND

This is a removed diversity contract action. Plaintiff moved to compel defendants to make their initial disclosure and produce documents and things in response to its discovery demands (Docket No. 19, Pl. Memo. at 2-3). That motion was granted (Docket No. 24). Plaintiff's fee application, contained within the initial moving papers (Docket No. 23, Pl. Atty. Decl. ¶ 2, Ex. A), was granted in part, ordering defendants and their counsel jointly to pay $1,778.82 in reasonable motion costs (Docket No. 26).

Plaintiff now has moved for an Order directing certain facts be taken as established against defendants; a prohibition against defendants opposing plaintiff's claims that Barbera is the alter ego of Barbera Utility Contracting, Inc., d/b/a Horizontal Holes ("Horizontal Holes") and/or Horizontal Equipment Manufacturing, Inc. ("HEM"), and that Horizontal Holes and HEM breached its contract with plaintiff; striking defendants' Answer in its entirety; rendering a default judgment against defendants for over $1.5 million; requiring defendants and their counsel to pay reasonable motion expenses due to their failure to comply with discovery Orders; require defendants to pay 9% interest on this Court's prior award of reasonable motion expenses (of $1,788.82, see Docket No. 26, Order of Apr. 12, 2012, at 6) that has yet to be paid; imposition of further monetary sanctions; and other relief that is just and proper (Docket No. 27, Notice of Motion; id., Pl. Atty. Decl. ¶¶ 2, 23-25).

2

Plaintiff complains that defendants were "grossly negligent in failing to comply with this Court's <u>multiple</u> discovery Orders concerning (1) Plaintiff's outstanding and unanswered Notice to Produce, served on November 3, 2011, and (2) Defendants' payment of a monetary sanction in the form of Plaintiff's reasonable motion expenses," (<u>id.</u>, Pl. Atty. Decl. ¶ 3, emphasis in original).

Plaintiff contends that it served its Notice to Produce upon defendants on November 3, 2011, but defendants have not responded (Docket No. 27, Pl. Atty. Decl. ¶¶ 13-14). Although defendants belatedly served initial Rule 26(a) disclosure, they had not responded to the Notice to Produce (<u>id.</u> ¶¶ 17-18). This Court then ordered defendants to produce (Docket No. 24; <u>see</u> Docket No. 27, Pl. Atty. Decl. ¶ 19) but defendants failed to comply with this Order or the subsequent fee award Order (Docket No. 27, Pl. Atty. Decl. ¶¶ 21, 20; <u>see</u> Docket No. 26). Plaintiff seeks entry of default judgment or declaration of specific facts (Docket No. 27, Pl. Atty. Decl. ¶¶ 23, 24).

In response, defendants claimed that they disclosed various documents to plaintiff, namely tax returns, websites, corporation minutes, articles of incorporation, and stock certificates for the corporate defendants (<u>see</u> Docket No. 31, Defs. Atty. Aff. ¶ 2), or is actively searching for responsive documents (<u>id.</u> ¶¶ 3-4), claiming that a partial document request would be prepared and provided "within a day of this affidavit" (<u>id.</u> ¶ 5), or by June 21, 2012. Defendants did not file copies of the documents they claim were produced. They state that the award of attorney's fees as discovery sanctions will be promptly paid (<u>id.</u> ¶ 7). Defendants then sought thirty days in which to provide their response (<u>id.</u> at page 4).

Noting its opposition to the extension of time to respond, plaintiff replies that no memorandum was filed by defendants in response or opposition to this motion (Docket No. 32, Pl. Atty Reply Decl. ¶¶ 6, 7), therefore plaintiff's present motion is essentially unopposed (Docket No. 32, Pl. Reply Memo. at 2). Plaintiff denies receiving any documents or payment from defendants (Docket No. 32, Pl. Atty. Reply Decl. ¶ 9); in fact, plaintiff's counsel wrote a subsequent letter (letter of Kenneth Webster, Esq., to Chambers, July 11, 2012) stating that it had to date not received either discovery materials or payment of the sanction. Plaintiff points out various statements from defense counsel representing that production would be made (Docket No. 32, Pl. Reply Memo. at 4).

## DISCUSSION

I.   Standards

As previously stated (Docket No. 24, Order at 2-3), discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (effective Dec. 1, 2007). Initial disclosure includes producing "a copy of, or a description by category and location of, all documents . . . that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims . . . ." Fed. R. Civ. P. 26(a)(1)(B).

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(5)(A). Failure to comply with an Order compelling discovery is treated as contempt of court, id. R. 37(b)(1), with sanctions available including Rule 37(a) sanctions, direction that facts be taken as established, prohibiting the disobedient party from supporting its claim, striking pleadings, or rendering a default judgment, id. R. 37(b)(2)(A), (2)(A)(i), (ii), (iii), (vi), (C). The dismissal of a defense or preclusion of evidence for failure to respond to a discovery request is a drastic remedy. Burnett v. Venturi, 903 F. Supp. 304, 309 (N.D.N.Y. 1995); see National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976) (per curiam) (dismissal as severest sanction). Imposition of Rule 37 sanctions for failure to comply with discovery demands must be weighed in light of the full record. Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979).

Rule 37 calls upon the Court to make such Orders in regard to disclosure failures as are just. This Court has wide discretion to impose sanctions and determine the type of sanction to be imposed under Rule 37, see Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999), cert. denied, 528 U.S. 1119 (2000). Procedurally, under Rule 37(a)(5) and this Court's Local Civil Rule 37, the movant needs to make a statement of good faith efforts made to resolve a discovery dispute before making motions to compel.

If a motion to compel is granted, or if the opponent produces discovery after the motion is filed, the Court "must, after giving an opportunity to be heard, require the party . . . whose

conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," but the Court must not order payment if movant files before attempting in good faith to resolve the matter, the opponent's nondisclosure, response, or objection was substantially justified, or "other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(a)(5)(A).

II.     Application

Plaintiff here is seeking the extreme sanctions of either evidence preclusion or entry of default or striking the Answer because of defendants' continued failure to produce discovery. Defendants have made representations that they had produced or would produce the discovery sought yet they do not deny plaintiff's allegation that no such production has been made. Plaintiff denies receiving even the partial amount of discovery defendants claim they have made. Given this Court's Order compelling discovery has been disregarded or put off to some unspecified future date, plaintiff's motion for sanctions should be **granted**. The next issue is the appropriate sanction that should be imposed. Plaintiff's open discovery addressed whether defendant Barbera is the alter ego of HEM and Horizontal Holes (see Docket No. 32, Pl. Reply Memo. at 5; see also Docket No. 27, Pl. Atty. Decl. ¶ 24 (proposed facts to be taken as established)). The facts plaintiff offers as to be taken as established would show that Barbera was the alter ego of HEM and Horizontal Holes (Docket No. 27, Pl. Atty. Decl. ¶ 24).

Defendants have not stated their refusal to produce or stated objections to the document production requests. The extreme sanctions of striking the Answer or entry of default judgment against defendants **are not warranted at this time**. A more focused remedy, also suggested by plaintiff (see Docket No. 27, Pl. Atty. Decl. ¶ 25), of prohibiting defendants from opposing or

defending against plaintiff's claims that Barbera is the alter ego of HEM or Horizontal Holes and that Horizontal Holes and/or HEM breached its contract with plaintiff and requiring defendants to pay interest on the sanctions previously imposed and imposition of sanctions for this second motion **should be granted**. Plaintiff also **is to submit an application of its reasonable motion expenses for this motion within five (5) days of entry of this Report**; defendants may respond to this application within **ten (10) days of entry of this Report** separately from any Objections that may be filed on this Report. If Objections are filed, this Court will hold plaintiff's fee application in abeyance until the Objections are resolved.

Plaintiff (without opposition) seeks to recover 9% interest for the unpaid initial sanction award from the date of award (Docket No. 27, Pl. Atty. Decl. ¶¶ 2, 25). While 9% may be the state law rate of interest applicable for prejudgment interest, N.Y. CPLR 5004; see In re Vivendi Universal, S.A., No. 02 Civ. 5571, 2012 U.S. Dist. LEXIS 96119, at *57 (S.D.N.Y. July 5, 2012), in federal court, the sanction award is a final judgment as to that award, see Barney v. Consol. Edison Co. of N.Y., No. 99-cv-823, 2012 U.S. Dist. LEXIS 36100, at *20 (E.D.N.Y. Mar. 16, 2012); Caidor v. Fed-Ex Home Delivery, No. 5:03-CV-1163, 2007 U.S. Dist. 67096, at *15-16 & *16 n.2 (N.D.N.Y. Sept. 11, 2007) (although deeming judgment imposing sanctions not to be a final judgment, ordering payment of "post-judgment interest at the statutory rate" to accrue from date of entry of judgment). The interest in that situation is the post-judgment rate which is equal to the one-year weekly average of the maturity Treasury yield, 28 U.S.C. § 1961(a). The rate as of April 12, 2012 (when the Order imposing the discovery sanction was entered and recorded in the Court's Judgment Index Record), is eighteen hundredths of a percent (or 0.18%), see Board of Governors of the Federal Reserve System's Selected Interest Rates,

http://www.federalreserve.gov/release/h15/20120416/ (last visited July 13, 2012); see also United States v. Cool, No. 6:12-CV-0107, 2012 U.S. Dist. LEXIS 89029, at *22-23 (N.D.N.Y. June. 27, 2012), and not 9%. Interest shall be charged on the first award, but only at the statutory rate.

## CONCLUSION

Based upon the above, it is recommended that plaintiff's motion for preclusive and other sanctions relief for defendant's failure to comply with discovery Orders (Docket No. 27) be **granted**. It is further recommended that defendants be prohibited from opposing or defending against plaintiff's claims that defendant Barbera is the alter ego of Horizontal Equipment Manufacturing, Inc. ("HEM") or Barbera Utility Contracting, Inc., d/b/a Horizontal Holes ("Horizontal Holes") and that Horizontal Holes and/or HEM breached its contract with plaintiff. Plaintiff's other alternative sanctions should be **denied**. Defendants (both themselves and their counsel) should be required to pay interest on the sanctions previously imposed, at the rate of **0.18%** and imposition of sanctions for this second motion **should be granted**. Plaintiff **is to submit an application of its reasonable motion expenses for this motion within five (5) days of entry of this Report**; defendants may respond to this application within **ten (10) days of entry of this Report** separately from any Objections that may be filed on this Report. If Objections are filed, this Court will hold plaintiff's fee application in abeyance until the Objections are resolved.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
August 10, 2012