UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KANDEY COMPANY, INC.,

                Plaintiff,

                                                     **Hon. Hugh B. Scott**

                v.                                          11CV478A

                                                         **Order**

LEO BARBERA,
BARBERA UTILITY CONTRACTING, INC., d/b/a
HORIZONTAL HOLES AND HORIZONTAL EQUIPMENT
MANUFACTURING, INC.,

                Defendants.

Plaintiff initially filed its motion to compel (Docket No. 19), which was granted (Docket No. 24). Plaintiff then filed a motion for discovery sanctions and preclusion (Docket No. 27) which this Court (Docket No. 33, Report & Recommendation) recommended be granted in part; relevant to the application considered herein, recommending the award of the costs of plaintiff's second motion (id. at 7, 8). The Report also recommended denying much of plaintiff's substantive relief and awarding statutory interest on an earlier award of motion costs of 0.18% (id. at 6-8). Objections to this Report were due by August 24, 2012 (id. at 8, 10), but none were filed.

Now before the Court is plaintiff's second fee application for recovery of its reasonable motion costs (Docket No. 34). Responses to this application were due by August 15, 2012 (or 5 days from entry of the Report), and any response was due by August 20, 2012 (or 10 days of entry of that Report) (Docket No. 33, Report at 7, 8). The application was submitted (without

oral argument) on August 24, 2012, after the deadline for Objections to the Report passed. Familiarity with the earlier Order (Docket No. 24) and Report (Docket No. 33) compelling discovery is presumed.

## BACKGROUND

In its application, plaintiff presented a statement of the expenses related to making this motion, totaling $8,238.14, for the work of three attorneys, at rates of $240 per hour (for associate Andrew Miller), $285 per hour (for senior partner Joseph Manna), and $125 per hour (for associate Kenneth Webster), as well as disbursements (of $295.94) for electronic research (Docket No. 34, Pl. Atty. Decl. ¶¶ 2, 3, Ex. A).  This Court calculated the time invoiced by each attorney, which totaled 36.5 hours[1] and find the amount claimed for attorney's time totals $7,942.20.

Defendants object only on the ground that plaintiff did not confer with them prior to filing this motion (Docket No. 35, Defs. Atty. Aff. ¶ 2), arguing that substantial documentation was produced to plaintiff (id. ¶ 1; see also Docket No. 31, Defs. Atty. Aff. ¶¶ 2-5) and concluding that this motion was unnecessary (Docket No. 35, Defs. Atty. Aff. ¶ 3).  They do not dispute either the time asserted or the reasonableness of the rates charged for that time.

Previously, plaintiff denied receiving the production defendants claimed were provided (see Docket No. 32, Pl. Atty. Reply Decl. ¶ 9; letter of Kenneth Webster, Esq., to Chambers, July 11, 2012; see also Docket No. 33, Report & Recommendation of Aug. 10, 2012, at 4).

---

[1] Manna claims .7 of an hour, Miller 6.5 hours, and Webster 28.3 hours, see Docket No. 34, Pl. Atty. Decl., Ex. A.

DISCUSSION

I.      Standard

As previously stated in this case (Docket No. 26, Order at 2-4), Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A). The imposition of this initial sanction may not occur if movant filed the motion before attempting in good faith to resolve this without Court intervention; if the non-disclosure was substantially justified; or other circumstances made an award of expenses unjust. Imposition of sanctions for failure to comply with discovery demands must be weighed in light of the full record. Johanson v. County of Erie, No. 11CV228, 2012 U.S. Dist. LEXIS 6772, at *3 (W.D.N.Y. Jan. 20, 2012) (Scott, Mag. J.); see Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979). The key here is that the movant is entitled only to reasonable costs and attorneys' fees, if entitled to recover anything at all. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills his or her client (especially where, as here, the client may never be billed due to the fee arrangement counsel has with the client) related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses.

See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar (or the "presumptively reasonable fee," see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 111(2d Cir. 2007)) method for calculating the reasonable attorney's fee, Johnson v. the Bon-Ton Stores, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.); see Hensley v. Eckerhart, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988), the components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney. The last component for determining the reasonable motion expenses are the other motion expenses incurred. In calculating the "presumptively reasonable fee," this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" Arbor Hill, supra, 493 F.3d at 111. The movant seeking reimbursement bears the burden of proving the hours spent and the prevailing rates. 7 Moore's Federal Practice–Civil § 37.23[8] (2005); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11.

Here, the sanctions are sought under **Rule 37(b)** for defendants' failure to comply with this Court's discovery Order (Docket No. 27, Pl. Notice of Motion). If a party fails to obey an Order to provide or permit discovery under Rule 37(b), this Court may "issue further just orders" including taking facts as established, prohibiting the disobedient party from supporting or opposing claims or defenses or from introducing designated matters in evidence, striking pleadings, dismissing the action, rendering a default judgment, or treating as contempt of Court the failure to obey an Order, Fed. R. Civ. P. 37(b)(2)(A). These forms of relief were considered

in the Report (Docket No. 33).  Additionally, the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust," id. R. 37(b)(2)(C) (emphasis added), see Robbins & Myers, Inc. v. J.M. Huber Corp., No. 01CV201, 2010 U.S. Dist. LEXIS 108562, at *13-14 (W.D.N.Y. Oct. 12, 2010) (Foschio, Mag. J.).  This sanction is mandatory regardless of whatever other sanctions are imposed, 8A Wright, Miller & Marcus, Federal Practice and Procedure, supra, § 2289 (3d ed 2012).  The standard for determining whether the motion expenses claimed are reasonable are the same for Rule 37(b) sanction as with a Rule 37(a) sanction, see also Robbins & Myers, Inc., supra, 2010 U.S. Dist. LEXIS 108562, at *16 (applying lodestar or presumptively reasonable fee as adjusted to meet deterrent objective of Rule 37(b)).

II.    Application

    A.    Are Sanctions Appropriate Here?

Defendants exclusively argue that plaintiff failed to contact them to resolve this matter prior to moving to preclude (Docket No. 35, Defs. Atty. Aff. ¶ 2).  But plaintiff moved under Rule 37(b) for defendants' failure to comply with this Court's Order (Docket No. 27, Pl. Notice of Motion).  Unlike the sanctions for an initial motion to compel under Rule 37(a)(5)(A)(i), there is no requirement under Rule 37(b) that the movant first make a good faith effort to have the opponent comply with the discovery Order.  The fact that it is a Court Order alone should mandate compliance and not require efforts by the movant short of enforcement actions before the movant may seek further judicial intervention in order to recover its reasonable costs.

Given that Rule 37(a)(5)(A) has that good faith effort requirement distinct from the opponent's substantial justification for not complying, id. R. 37(a)(5)(A)(ii), or other circumstances that make imposition of a sanction unjust, id. R. 37(a)(5)(A)(iii), Rule 37(b)(2)(C) is construed to <u>not</u> incorporate a good faith effort requirement as either substantial justification for non-compliance or as another circumstance to make the sanction unjust.

Therefore, defense objections to imposition of sanctions here for failure to comply with this Court's discovery Order are **rejected**.

B.    Reasonable Motion Expenses

Defendants did not alternatively argue about the reasonableness of the expenses claimed. Absent objection, it is initially difficult for this Court to assess whether the time expended, the level of legal expertise exercised, and the rates charged are reasonable.  But this is the second motion for recovery of reasonable motion expenses from plaintiff's counsel.  Plaintiff again does not state the level of expertise of the three attorneys who worked on this motion to justify the rates charged.  From examining the website of plaintiff's law firm, www.lipsitzgreen.com/attorneys.html, done for an earlier fee application (see Docket No. 26, Order of Apr. 12, 2012, at 4-5), this Court learned that the three attorneys graduated from law schools between 1995 and 2011.

In <u>Johanson</u>, this Court recently accepted as reasonable (also absent opposition from the opposing party) a rate of $250 per hour for attorney's time in preparing a motion to compel, Johanson, supra, 2012 U.S. Dist. LEXIS 6772, at *6.  Thus, as previously found in their earlier application (id. at 5), the rates stated in this case by plaintiff's attorneys reasonably reflect the

rates charged in this community by attorneys of similar level of experience. Without opposition, this Court **reaffirms** the reasonableness of the rates cited by plaintiff's counsel.

The next question is whether the present total of over thirty-six hours expended in making this motion seeking sanctions for disobeying the Order is reasonable. Plaintiff filed a relatively straight forward, almost unopposed motion, save the argument above regarding whether good faith efforts first needed to be made before filing it. Absent substantive objection to the time cited, this Court **adopts** the time claims sought by plaintiff.

Next, plaintiff claims in its disbursements the costs of electronic research of $295.64. Again, without knowing the extent of research and the rates charged by the electronic sources and the absence of substantive objection, this Court nevertheless **finds reasonable** the amount claimed by plaintiff.

Therefore, the total reasonable motion expenses that will be awarded to plaintiff here is **$8,238.14**.

C. Party Liable for Sanction

Rule 37(b)(2)(C) makes either the disobedient party, its counsel, or both responsible for discovery sanctions for non-compliance. Plaintiff does not note whether defendants or their counsel were more liable for this discovery dispute or failure to comply with this Court's Order. In the absence of any indication whether defendants or their attorneys are responsible, **both will be held responsible for this sanction**.

CONCLUSION

For the reasons stated above, plaintiff's application (Docket No. 34) to recover its reasonable motion expenses for its motion to preclude (Docket No. 27) is **granted**; this Court finds that the reasonable motion expense here is **$8,238.14 plus statutory interest as of the date of the entry of this Order, 28 U.S.C. § 1961(a), as a final judgment as to this sanction**. Plaintiff is awarded from **defendants and their counsel jointly $8,238.14 plus interest** for its reasonable costs and expenses in making its motion to preclude, as well as the prior award of **$1,788.82 plus interest at 0.18%** (where it is unclear whether defendants have paid the earlier judgment).

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 4, 2012