UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KANDEY COMPANY, INC.,

                      Plaintiff,

                                              **Hon. Hugh B. Scott**

      v.

                                              11CV478A

                                              Report
                                              &amp;
LEO A. BARBERA,                                Recommendation
BARBERA UTILITY CONTRACTING,
INC., d/b/a HORIZONTAL HOLES AND
HORIZONTAL EQUIPMENT
MANUFACTURING, INC.,

                      Defendants.

       This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 5). The instant matter before the Court again is plaintiff's motion for preclusion and other sanctions for defendants' failure to produce discovery (Docket No. 36[1]). This is the third motion by plaintiff seeking document production from defendants (cf. Docket Nos. 19, 27), after two dispositions ordering that production (Docket Nos. 24, 33, 43). Responses to this latest motion were due by September 18, 2012, any reply by September 25, 2012 (Docket No. 38). Argument of this motion was reset (Docket Nos. 44, 45, 46) but held on October 29, 2012

---

[1]In support of this motion, plaintiff submits its Memorandum of Law, the declarations of its attorneys' Joseph Manna and Andrew Miller (with exhibits), Docket No. 36; Miller's Reply Declaration, Docket No. 42. In response, defendants submit their attorney's affidavit, Docket No. 41.

(Docket Nos. 46, 47). Familiarity with the previous series of Orders granting plaintiff's motions to compel (Docket Nos. 24, 33, 43) and awarding plaintiff recovery of its reasonable motion costs for these motions (Docket Nos. 26, 37) is presumed.

Since plaintiff again seeks to strike the Answer or entry of default judgment against defendants, this Court has rendered a Report & Recommendation for disposition of this motion, see 28 U.S.C. § 636(b)(1)(A) (determination of motion to involuntary dismissal of an action by Report & Recommendation).

**BACKGROUND**

This is a removed diversity contract action (see Docket No. 1, Notice of Removal, Ex. B, Am. Compl.). Defendant Leo Barbera answered (Docket No. 4), as Barbera Utility Contracting, Inc., and Horizontal Equipment Manufacturing Inc. ("HEM") did in a parallel action, Kandey Co. v. Barbera Utility Contracting, Inc., No. 11CV480 (hereinafter "Barbera Utility"), Docket No. 3. The stipulation to consolidate these two actions was adopted on September 19, 2011 (Barbera Utility, No. 11CV480, Docket No. 13).

*First Motion to Compel*

On January 3, 2012, plaintiff first moved to compel defendants to make initial disclosure and produce documents (Docket No. 19) pursuant to its notice of November 3, 2011 (id., Pl. Atty. Decl. ¶¶ 13-14, Ex. E; see Docket No. 27, Pl. Atty. Decl. ¶¶ 13-14, Ex. C). Defendants responded that they were assembling responsive documents (Docket No. 21, Defs. Atty. Aff. ¶¶ 2-3). This Court ordered that production (Docket No. 24, Order of Mar. 5, 2012, at 3) and awarded plaintiff its reasonable motion expenses (id. at 3-4; Docket No. 26, Order of Apr. 12, 2012, awarding $1,778.82 from defendants and their counsel jointly).

*Second Motion to Compel*

Plaintiff, however, had not received the documents sought in the first motion. It was compelled to move for discovery sanctions and preclusion (Docket No. 27). Defendants had not complied with this Court's Order of March 5, 2012, or the Order of April 12, 2012, awarding sanctions (see Docket No. 33, Report & Recommendation of Aug. 10, 2012, at 3). Plaintiff sought entry of default judgment or declaration of specific facts (Docket No. 27, Pl. Atty. Decl. ¶¶ 23, 24), but this Court recommended that defendants be precluded from opposing or defending against plaintiff's claims that defendant Leo Barbera is the alter ego of HEM or Barbera Utility Contracting, Inc., d/b/a Horizontal Holes ("Horizontal Holes") and that Horizontal Holes and/or HEM breached its contract with plaintiff (Docket No. 33, Report & Rec. at 8). This Court also set the interest for the outstanding initial sanction at 0.18%, the statutory Treasury yield rate, see 28 U.S.C. § 1961(a) (id. at 7-8). Judge Richard Arcara adopted this Report & Recommendation (Docket No. 43, Order of Oct. 9, 2012). Meanwhile, this Court set the sanction amount for this second motion, at $8,238.14, plus statutory interest, as well as payment of the first judgment (if it had not been done already) (Docket No. 37, Order of Sept. 4, 2012).

*Present Third Motion*

On August 31, 2012, plaintiff filed a third discovery sanction motion (Docket No. 36), again seeking to strike defendants' Answer, entry of default judgment against defendants for at least $1,572,312, directing that facts alleged in the Complaint be taken as established, again requiring defendants and their counsel to pay reasonable motion expenses for this motion, as well as additional monetary sanctions in the amount the Court deems appropriate, and production of the documents.

Defense counsel responded that his clients apparently did not understand the magnitude of the requests made by plaintiff and was putting together responsive documents (Docket No. 41, Defs. Atty. Aff. ¶¶ 2-3). Defendants and their representative would be willing to testify as to the transactions between plaintiff and Horizontal Holes as well as the relationship between Barbera and Horizontal Holes (id. ¶ 4). Defense counsel stated that documents would be produced "within the next week to ten days" (id. ¶ 6, Affidavit of Sept. 18, 2012). He concludes that there had been a good faith effort to comply with plaintiff's discovery demands and that sanctions were not appropriate (id. ¶ 7).

Plaintiff rejects defense's "paltry two-page attorney affidavit" as an explanation why severe sanctions should not be imposed (Docket No. 42, Pl. Atty. Miller Reply Decl. ¶ 3). Plaintiff believes that defendants are using their "usual tactic" of delaying production to a later date and never having that production occur (id. ¶ 4). Plaintiff also rejects defense argument that the production was too specific because defendants failed to make any production at all (id. ¶¶ 5-6) and the requests were not that specific, seeking business and financial records (id. ¶ 7).

During argument of this motion, defense counsel stated that the documents plaintiff seeks are being duplicated and that he would review and produce responsive documents. The parties noted that Barbera was deposed by plaintiff and was asked about the categories of documents sought. Plaintiff responded that it believes that defendants are intentionally impoverishing themselves to avoid payment of any judgment from this case. Defendants reply that its contract with plaintiff was the only job it had for a two-year period and, given its magnitude, defendants declined other work and its income reflects this business course.

4

**DISCUSSION**

I.       Standards

As previously stated (e.g., Docket No. 24, Order at 2-3), discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (effective Dec. 1, 2007). Initial disclosure includes producing "a copy of, or a description by category and location of, all documents . . . that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims . . . ." Fed. R. Civ. P. 26(a)(1)(B).

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(5)(A). Failure to comply with an Order compelling discovery is treated as contempt of court, id. R. 37(b)(1), with sanctions available including Rule 37(a) sanctions, direction that facts be taken as established, prohibiting the disobedient party from supporting its claim, striking pleadings, or rendering a default judgment, id. R. 37(b)(2)(A), (2)(A)(i), (ii), (iii), (vi), (C). The dismissal of a defense or preclusion of evidence for failure to respond to a discovery request is a drastic remedy. Burnett

v. Venturi, 903 F. Supp. 304, 309 (N.D.N.Y. 1995); see National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976) (per curiam) (dismissal as severest sanction). Imposition of Rule 37 sanctions for failure to comply with discovery demands must be weighed in light of the full record. Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979).

Rule 37 calls upon the Court to make such Orders in regard to disclosure failures as are just. This Court has wide discretion to impose sanctions and determine the type of sanction to be imposed under Rule 37, see Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999), cert. denied, 528 U.S. 1119 (2000). Procedurally, under Rule 37(a)(5) and this Court's Local Civil Rule 37, the movant needs to make a statement of good faith efforts made to resolve a discovery dispute before making motions to compel.

If a motion to compel is granted, or if the opponent produces discovery after the motion is filed, the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," but the Court must not order payment if movant files before attempting in good faith to resolve the matter, the opponent's nondisclosure, response, or objection was substantially justified, or "other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(a)(5)(A).

II. Application

Plaintiff here is seeking the extreme sanctions of either evidence preclusion or entry of default or striking the Answer because of defendants' continued failure to produce discovery. Defendants previously have made representations that they had produced or would produce the

discovery sought yet they do not deny plaintiff's allegation that no such production has been made. Plaintiff denies receiving even the partial amount of discovery defendants claim they have made. Given this Court's Orders compelling discovery has been disregarded or put off to some unspecified future date, plaintiff's motion for sanctions should be **granted** and that portion of their present motion renewing compelled discovery is **granted**. Defendants' latest excuse about the complexity or specificity of the demands was waived when they failed to respond to the demands. A cursory review of plaintiff's initial document demand (Docket No. 19, Ex. E) reveals that it seeks basic business and financial documents of Barbera, the corporate defendants, and documents involved in the contract at issue; much of these documents defense counsel would have needed to defend this case. The time to object to any particular request or the document demand in its entirety, cf. Fed. R. Civ. P. 34(b)(2)(A), (C), or to seek a Protective Order, cf. R. 26(c)(1), has come and gone. Therefore, so much of plaintiff's motion seeking compelled production (even though it was promised to be completed days after the October 29, 2012, argument) is **granted**.

The next issue is the appropriate sanction that should be imposed. This is the parties' third trip to the courthouse for production of the same documents. The earlier recommendation was the more focused remedy, also suggested by plaintiff (see Docket No. 27, Pl. Atty. Decl. ¶ 25), of prohibiting defendants from opposing or defending against plaintiff's claims that Barbera is the alter ego of HEM or Horizontal Holes and that Horizontal Holes and/or HEM breached its contract with plaintiff and requiring defendants to pay interest on the sanctions previously imposed and imposition of sanctions for this second motion (Docket No. 33, Report & Rec. at 6-7, adopted, Docket No. 43). This Court has granted plaintiff preclusion so defendants

cannot contest the alter ego allegations and the finding that HEM and Horizontal Holes breached the contract with plaintiff (Docket Nos. 43, 33). Yet, defendants have not produced. This Court had recommended not imposing the extreme sanctions of entry of default judgment or striking pleadings (see Docket No. 33, Report & Rec. at 6-7) but defendants have not produced even after preclusion has been ordered.

Although this Court was reluctant to recommend the extreme sanctions of striking the Answer or entry of default judgment against defendants, given their recalcitrance (despite their excuses) **these sanctions are now warranted at this time** and striking of the Answer and entry of default judgment **should be granted**.

III.     Reasonable Motion Costs

Plaintiff again is to submit its reasonable motion costs for filing this third motion. The reasons stated by defendants do not provide substantial justification for their failure to produce to date or furnish other circumstances that would make imposition (again) of plaintiff's reasonable motion costs as a sanction unjust. Plaintiff also **is to submit an application of its reasonable motion expenses for this motion within five (5) days of entry of this Report**; defendants may respond to this application within **ten (10) days of entry of this Report** separately from any Objections that may be filed on this Report. If Objections are filed, this Court will hold plaintiff's fee application in abeyance until the Objections are resolved.

Interest shall be charged on this at the statutory rate.

IV.     Amended Scheduling Order

During argument of this motion, on October 29, 2012, the parties stated that the Scheduling Order (Docket Nos. 10, 17 (amending mediation schedule)) needs to be extended

given defendants' failure to produce. This Court agrees that one, **final** amended schedule is in order. Given the recommended disposition above, with entry of default judgment and striking of the Answer, discovery and further proceedings in this matter should be limited to ascertaining damages. Thus, the time to complete these items should be more brief than a contest of the liability claimed.

Discovery (including expert disclosure) in this case shall be completed on **January 16, 2013 (or 30 days from entry of this Report)**. Dispositive motions are returnable before the undersigned by **March 18, 2013 (or approximately 60 days from discovery deadline set above)**. Referral of this case to mediation shall end on **April 2, 2013**. Any Final Pretrial Conference or trial dates shall be set by Judge Arcara in a separate Order.

## CONCLUSION

Based upon the above, it is recommended that plaintiff's motion for striking pleadings, entry of default judgment against defendants, and other sanctions relief for defendant's failure to comply with discovery Orders (Docket No. 36) be **granted**. Defendants (both themselves and their counsel) should be required to pay interest on the sanctions previously imposed, at the rate of **0.18%**, and imposition of sanctions for this third motion **should be granted**. Plaintiff **is to submit an application of its reasonable motion expenses for this motion within five (5) days of entry of this Report**; defendants may respond to this application within **ten (10) days of entry of this Report** separately from any Objections that may be filed on this Report. If Objections are filed, this Court will hold plaintiff's fee application in abeyance until the Objections are resolved.

The remaining schedule for this action is amended as stated above.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
December 17, 2012