UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KANDEY COMPANY, INC.

                        Plaintiff,

      v.                              **DECISION AND ORDER**
                                            11-CV-478

LEO A. BARBERA,
BARBERA UTILITY CONTRACTING, INC.,
 d/b/a HORIZONTAL HOLES,
HORIZONTAL EQUIPMENT AND
MANUFACTURING, INC.,

                        Defendants.

---

      This breach of contract case is pending on diversity jurisdiction under 28 U.S.C. §1332.  It was removed from state court in June of 2011.  After the case was referred to Magistrate Judge Hugh B. Scott to act on pretrial matters pursuant to 28 U.S.C. § 636(b)(1), it was consolidated with a closely-related diversity case that had also been removed to this Court and was pending at docket number 11-CV-480.

      On August 31, 2012, plaintiff Kandey Company, Inc., filed a motion to strike defendants' answers, for entry of default judgments, and for other sanctions, based upon defendants' repeated and continuing noncompliance with discovery Orders.  On December 17, 2012, Magistrate Judge Scott filed a Report and Recommendation recommending that plaintiff's motions to strike and for default

judgments be granted. Defendants filed objections to the Report and Recommendation and plaintiff filed a response thereto.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. *Id.* Upon *de novo* review of the Report and Recommendation, and after careful review of the parties' submissions, the Court adopts the proposed findings and conclusions of the Report and Recommendation.

Despite the extreme and drastic nature of the sanctions of preclusion and of default judgments, the Court finds no lesser available sanction sufficient to remedy the conduct of defendants. Defendants argue that plaintiff has suffered insufficient prejudice to justify these severe sanctions. Defendants overlook that the Court must also weigh the significant prejudice to the administration of justice caused by the waste of scarce Court resources caused by their persistent and unjustifiable failures to comply with the Court's Orders. Upon this record, there is unfortunately no ground for the Court to find that the dilatory and wasteful conduct of defendants is likely to stop if a lesser set of available sanctions were to be imposed upon the defendants. Accordingly, for the reasons set forth in Magistrate Scott's Report and Recommendation, plaintiff's motion to strike defendants' answers, for default judgments against defendants, and potentially a motion-fees sanction, all based upon defendants' repeated failure to comply with discovery Orders, is granted.

Before default judgments are entered, the action is recommitted to Magistrate Judge Scott pursuant to the Court's prior referral (Dkt. No. 5) for disposition of pending proceedings on a possible motion-fees sanction and such other matters as are deemed necessary.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 29, 2013