UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KANDEY COMPANY, INC.,

           Plaintiff,

           v.

**Hon. Hugh B. Scott**

11CV478A

LEO BARBERA,
BARBERA UTILITY CONTRACTING, INC., d/b/a
HORIZONTAL HOLES AND HORIZONTAL EQUIPMENT
MANUFACTURING, INC.,

**Order**

           Defendants.

      Before the Court is plaintiff's third (Docket No. 49; see Docket Nos. 25, 34; cf. Docket Nos. 19, 27, 36 (plaintiff's motions to compel); see also Docket Nos. 26, 37 (Orders awarding fees)) fee application following a successful motion to compel production from defendant.

      Plaintiff initially filed its motion to compel (Docket No. 19), which was granted (Docket No. 24), and plaintiff then was awarded fees totaling $1,778.82 as its reasonable expenses for making this initial motion to compel (Docket No. 26). Plaintiff then filed a motion for discovery sanctions and preclusion (Docket No. 27) which this Court (Docket No. 33, Report & Recommendation) recommended be granted in part and, relevant to the application considered herein, recommended the award of the costs of plaintiff's second motion (id. at 7, 8). The Report also recommended denying much of plaintiff's substantive relief and awarding statutory interest on an earlier award of motion costs of 0.18% (id. at 6-8). Objections to this Report were due by August 24, 2012 (id. at 8, 10), but none were filed and the Report was adopted by Judge Arcara (Docket No. 43). Plaintiff then filed its second fee application for recovery of its reasonable

motion costs (Docket No. 34). This Court then awarded plaintiff fees totaling $8,238.14 plus interest at the statutory rate plus recovery of the prior award (Docket No. 37).

Plaintiff filed what it termed a second motion to compel and for sanctions (Docket No. 41), but that motion was plaintiff's third. As with the others, plaintiff sought production of the same materials. A second Report and Recommendation was issued recommending granting plaintiff's motion to compel and to strike pleadings as sanction for failure to produce (Docket No. 48, Report & Rec. of Dec. 17, 2012). This Report also ordered plaintiff to submit its application to recover its reasonable motion expenses within five days of entry of that Report and defense could respond within ten days of that entry. Thus, the application was due by December 24, 2012, and any responses to this application were due by December 27, 2012 (see Docket No. 48, Report of Dec. 17, 2012, at 8, 9). Defendants filed Objections to this Report (Docket No. 51; see also Docket No. 52 (briefing schedule for Objections)). Judge Arcara adopted this Report, granted the extreme sanctions but referred to the undersigned disposition of this fee application (Docket No. 55, Order of Jan. 29, 2013).

Familiarity with the earlier Orders and Reports noted above compelling discovery or awarding recovery of fees is presumed.

BACKGROUND

In its application, plaintiff presented a statement of the expenses related to making this motion, totaling $9,322.60, for the work of four attorneys, at rates of $240 per hour (for associate Andrew Miller), $285 per hour (for senior partner Joseph Manna), $210 per hour (for associate Kenneth Webster), and $295 per hour (for senior partner[1] Michael Schiavone), with a stated total

---

[1] See www.lipsitzgreen.com/attorneys-51.html (Schiavone biographical listing).

2

of $8,304.50, as well as disbursements (of $1,018.10) for electronic research (Docket No. 49, Pl. Atty. Decl. ¶¶ 2, 3, Ex. A). This Court calculated the time invoiced by each attorney, which totaled 32.6 hours[2] and finds the amount claimed for attorney's time totals only $7,656.50.

Defendants object only on the ground that this third motion did not require 6.6 hours of attorneys' time to draft and the research time for that motion and the 4.4 hours spent reviewing and editing the motion were unrealistic (Docket No. 50, Defs. Atty. Decl. ¶¶ 3-4). Defendants conclude that a reasonable figure of $3,500 for attorneys' fees plus disbursements would be appropriate (id. ¶ 5), without stating the basis for how that amount was arrived at by counsel.

## DISCUSSION

I.  Standard

As previously stated in this case (e.g., Docket No. 26, Order at 2-4), Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A). The imposition of this initial sanction may not occur if movant filed the motion before attempting in good faith to resolve this without Court intervention; if the non-disclosure was substantially justified; or other circumstances made an award of expenses unjust. Imposition of sanctions for failure to comply with discovery demands must be weighed in light of the full record. Johanson v. County of Erie, No. 11CV228, 2012 U.S. Dist. LEXIS 6772, at *3

---

[2]Plaintiff's counsel does not total the hours expended by all of its counsel or calculate the hours of any attorney working on this motion. This is consistent with the fee documentation previously submitted by plaintiff's counsel.
By this Court's reckoning, Manna claims 1.7 hours, Miller 22.2 hours, Webster 8.5 hours, and Schiavone .2 of an hour, see Docket No. 49, Pl. Atty. Decl., Ex. A.

(W.D.N.Y. Jan. 20, 2012) (Scott, Mag. J.); see Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979). The key here is that the movant is entitled only to reasonable costs and attorneys' fees, if entitled to recover anything at all. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills his or her client (especially where, as here, the client may never be billed due to the fee arrangement counsel has with the client) related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses. See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar (or the "presumptively reasonable fee," see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 111(2d Cir. 2007)) method for calculating the reasonable attorney's fee, Johnson v. the Bon-Ton Stores, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.); see Hensley v. Eckerhart, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988), the components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney. The last component for determining the reasonable motion expenses are the other motion expenses incurred. In calculating the "presumptively reasonable fee," this Court "should generally use the prevailing

4

hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" Arbor Hill, supra, 493 F.3d at 111. The movant seeking reimbursement bears the burden of proving the hours spent and the prevailing rates. 7 Moore's Federal Practice–Civil § 37.23[8] (2005); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11.

II. Application

    A.    Reasonable Rate

Defendants now argue that expenses claim were excessive and argue that they should be reduced by about one half. Defendants do not state how they arrived at the deemed reasonable attorneys' fee figure they selected. This is the third motion for recovery of reasonable motion expenses from plaintiff's counsel. Plaintiff again failed to state the level of expertise of the now four attorneys who worked on this motion to justify the rates charged. From examining the website of plaintiff's law firm, www.lipsitzgreen.com/attorneys.html, done for an earlier fee application (see, e.g., Docket No. 26, Order of Apr. 12, 2012, at 4-5), this Court learned that the four attorneys graduated from law schools between 1981 (Schiavone) and 2011[3].

In Johanson, this Court recently accepted as reasonable (also absent opposition from the opposing party) a rate of $250 per hour for attorney's time in preparing a motion to compel, Johanson, supra, 2012 U.S. Dist. LEXIS 6772, at *6. Thus, as previously found in their earlier application (e.g., Docket No. 26, Order of Apr. 12, 2012, at 5), the rates stated in this case by plaintiff's attorneys reasonably reflect the rates charged in this community by attorneys of similar level of experience. Without opposition to the rates charged, this Court **reaffirms** the

---

[3]The other attorneys were admitted as follows: Manna in 1995, Miller in 2004, and Webster in 2011, www.lipsitzgreen.com/attorneys.html,

reasonableness of the rates cited by plaintiff's counsel, including those for senior partners on this motion that exceed the $250 per hour rate approved previously.

B.   Reasonable Attorney Time and Expenses

Defendants' objection is to the time expended in researching, drafting, and editing this motion. Specifically, defendants point to a total of 10.8 hours expended by Miller (totaling $2,592 at his rate) on August 30-31, 2012, and on September 25, 2012, and 2.2 hours expended by Webster on August 30, 2012 (for a fee of $462), which totals 12 hours and $3,054 in attorneys' fees (Docket No. 50, Defs. Atty. Decl. ¶¶ 3-4). If this Court accepts that this time was not reasonably expended, the fee would be reduced (from the Court's calculation of the total) to $4,602.50 and not to $3,500 that defendants now deem to be reasonable. Defendants do not explain how the approximately $1,000 difference is unreasonable.

The question thus is whether the present total of over thirty-two hours expended in making this second motion seeking sanctions for disobeying the Order to compel (and the third motion overall seeking this discovery) is reasonable. While defendants think that legal research (apparently by Webster) on August 30, 2012, was "unrealistic" (id. ¶ 3), they do not question the amount of the disbursement for electronic research (which presumably would have included research on August 30, 2012, that defendants now object to). Absent a specific breakdown by date of when electronic legal research was conducted, this Court cannot say that the disbursement for electronic research was unreasonable to reduce it for the time expended on one particular day.

As for the attorneys' fees, plaintiff again filed a relatively straight forward motion, where defendants opposed raising facts why they failed to comply with discovery to that date (cf. Docket No. 41, Defs. Atty. Aff.) and plaintiff replied (Docket No. 42, Pl. Atty. Miller Reply

Decl.). Some additional research was necessary to address the circumstances where an opponent has twice refused to produce discovery, including contrary to the terms of an Order compelling that disclosure. This research, drafting and editing were performed by the more junior attorneys on this motion. The writing of this motion appears to include specific arguments about whether defendants could deem a document pertinent to the case or not as a response for not disclosing it (see Docket No. 49, Pl. Atty. Ex. A). Plaintiff was arguing for the severe sanction of striking pleadings (Docket No. 36), a particular sanction that was denied in its second motion for sanctions (see Docket No. 33, Report & Recommendation of Aug. 10, 2012; cf. Docket No. 27, Pl. Motion). Thus, plaintiff had to overcome the apparent earlier objection by this Court to such an extreme sanction. The time expended on September 25, 2012, to reply to defendants' brief response may have been extensive. Nevertheless, all of this could have been avoided by the defense had they produced what was desired or timely noted objection or filed a motion for a protective Order preserving their objections to that discovery. Instead, three times plaintiff had to come to this Court to obtain production of documents that, eventually, were promised to be produced at the argument of this third motion (see Docket No. 47, minute entry of Oct. 29, 2012, argument) and that defendants later stated were produced (see Docket No. 51, Defs. Objections to R&R at 1). This Court **rejects defense arguments and adopts the time claims sought by plaintiff, as calculated by this Court**.

Next, plaintiff claims in its disbursements the costs of electronic research of $1,018.10. Again, without knowing the extent of research and the rates charged by the electronic sources and the absence of substantive objection (save discussed above about research on August 30), this Court nevertheless **finds reasonable** the amount claimed by plaintiff.

7

C. In Summary

Therefore, the total reasonable motion expenses that will be awarded to plaintiff here is **$7,656.50 in attorneys' fees and $1,018.10 in disbursements for a total of $8,674.60**, and not $9,322.60 claimed by plaintiff.

D. Parties Liable

Rule 37(b)(2)(C) makes either the disobedient party, its counsel, or both responsible for discovery sanctions for non-compliance. Again, plaintiff does not note whether defendants or their counsel were more liable for this discovery dispute or failure to comply with this Court's Order, and defendants in their response do not address whether they or their counsel should bear the brunt of this sanction award. Defense counsel previously argued that his client's principal officer did not understand the scope and magnitude of the discovery sought by the plaintiff (see Docket No. 41, Defs. Atty. Aff. ¶ 2; Docket No. 48, Report & Rec. of Dec. 17, 2012, at 4). Neither defendants nor their counsel should rest on the ignorance of defendants' officials. Even if defendants' officials were unaware of what was sought, defense counsel was obliged to instruct them on what categories of documents were involved or (if necessary) to file a motion or response indicating the clients' need for clarification.

As a result, both defendants and their attorneys are responsible for the failure to produce, therefore, **both will be held responsible for this sanction**.

CONCLUSION

For the reasons stated above, plaintiff's latest application (Docket No. 49) to recover its reasonable motion expenses for its motion to preclude (Docket No. 36; see Docket Nos. 55, 48) is **granted**; this Court finds that the reasonable motion expense here is **$8,674.60 plus statutory interest at the rate applicable as of the date of the entry of this Order, 28 U.S.C. § 1961(a), as a final judgment as to this sanction**. Plaintiff is awarded from **defendants and their counsel jointly $8,674.60 plus interest** for its reasonable costs and expenses in making this third motion, as well as the prior awards of **$1,788.82 plus interest at 0.18% and $8,238.14 plus interest at that same rate** (where it is unclear whether defendants have paid these earlier judgments), for a total of **$18,701.56 plus applicable interest**.

No further proceedings are pending before this Court (cf. Docket No. 55, Order of Jan. 29, 2013, at 3, referring case for this disposition).

So Ordered.

                                                  /s/ Hugh B. Scott
                                                  Honorable Hugh B. Scott
                                                  United States Magistrate Judge

Dated: Buffalo, New York
       January 30, 2013